PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARMELO ROSARIO, Defendant and Appellant.

No. 5784. Argued December 17, 1935.—Decided June 19, 1936.

*Juan Valldejuly Rodríguez* for appellant. *R. A. Gómez* and *Luis Janer, Prosecuting Attorneys,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Rosario was convicted of aggravated assault and battery.

Appellant's first contention is that the district court erred in overruling a motion to dismiss the action. The motion was based on two grounds. The first of these grounds was that the case was not brought to trial within 120 days in the Municipal Court of Fajardo. The second was that the case was not tried in the district court within 120 days after filing the record on appeal. The motion to dismiss was made orally when the case was called for trial in the district court. In reply thereto the district attorney said:

"District Attorney: About 90% of the statements of counsel refers to documents contained in the record to which we refer the court, in order to save time. We will confine ourselves here to answer two or three little points. If there have been delays, which appear from the record, such delays were not brought about either by the officers of the Department of Justice, or by the district attorney who is also an officer of the Department of Justice.

\*  \*  \*  \*  \*  \*  \*

"District Attorney: The District Attorney is in each district a representative of the Attorney General and he is nothing else than an attorney for the people's business after all, like any other attorney, but for the People of Puerto Rico. This case was set several times for hearing and the district attorney made two trips to Caguas.

"Judge: You made?

"District Attorney: Two trips to Caguas from here.

"Defendant: I am not referring to that.

"District Attorney: The ball has been set going so often, precisely at the instance of defendant, Carmelo Rosario himself, until the change of venue, until the appeal, until the case came here, because if Judge Rodríguez Ortiz disclaimed jurisdiction, if Judge Trigo came on a special mission, if Judge Trigo removed it to another court, if the case was heard in that court, and if this case came to this court, all

that was done always at the instance of defendant himself- and not on motion of the People of Puerto Rico. This is what we wanted to clear up, because the realization of it from a knowledge of the facts is not the same as from reading one after another each of the papers making up the record.

"Judge: Motion to dismiss overruled.

"Attorney for the defendant: We take exception."

The case originated in the Municipal Court of Caguas and, after a change of venue, was tried in the Municipal Court of Fajardo. When it came on to be heard in the district court, the judge held that the court was without jurisdiction to try the case and remanded the same to the Municipal Court of Caguas. Later this Court in a mandamus proceeding directed the district court to proceed with the case. See *People* v. *District Court,* 47 P.R.R. 226.

Aside from the transcript of the evidence the record before us consists of the complaint, the judgment and the notice of appeal. There is nothing to show what proceedings, if any, were had in the Municipal Court of Caguas pending the result of the mandamus proceeding. There is nothing to show what occurred in the Municipal Court of Fajardo. There is nothing to show what the district court had before it as a matter of record concerning these and other matters referred to by the district attorney in his oral reply to defendant's oral motion. We are not prepared to say that the district judge erred in overruling the motion.

In two other oral motions defendant sought to raise questions of former acquittal and second jeopardy. The brief for appellant assumes, but fails to show, that the erroneous ruling of the district judge on the question of jurisdiction and the remanding of the case to the Municipal Court of Caguas amounted to an acquittal. There is nothing in the record before us to show that jeopardy had attached at the time of such action. Hence, there is no satisfactory basis for appellant's contention that the district court erred in overruling these two motions.

██ Another contention of appellant is that the district court was without jurisdiction because the Municipal Court of Fajardo had no jurisdiction. This contention rests upon alleged defects in the proceedings for a change of venue which resulted in the order whereby the case was transferred from the Municipal Court of Caguas to the Municipal Court of Fajardo. Aside from the fact that this is the same question decided in the mandamus proceeding there is nothing in the record before us on which to base a conclusion as to the merits of appellant's theory.

Appellant also challenges the jurisdiction of the district court on the ground that the original complaint was not before that court. Section 3 of the Code of Criminal Procedure provides that:

"All cases that are triable before the justices of the peace, or before the municipal courts, when appealed to the district court, shall be tried on the original complaint and warrant, and the trial in the district court shall be *de novo.*"

Subdivision 5 of Section 29 (1935 ed.) provides that:

"The justice of the peace shall, within five days, transmit the record to the district court . . ."

Chapter V of Title VI of the Code of Criminal Procedure treats of "The Removal of the Action before trial." Section 174 provides that:

"The order of removal must be entered upon the minutes, and the clerk must immediately make out and transmit to the court to which the action is removed a certified copy of the order of removal, record, pleadings and proceedings in the action including the undertakings for the appearance of the defendant and of the witnesses."

Section 173 shows that the same procedure is to be followed in municipal courts as in district courts.

The only record in the Municipal Court of Fajardo that could have been transmitted to the district court in accordance with the provisions of Section 29 was the certified copy of the record in the Municipal Court of Caguas transmitted

to the Municipal Court of Fajardo as required by Section 174. For the purposes of the appeal from the Municipal Court of Fajardo to the District Court of Humacao the ''original complaint'' was the certified copy on which the case had been tried in the Municipal Court of Fajardo as contemplated by Section 174. The district court did not err in overruling the objection to its jurisdiction on the ground that the complaint before it was not the original complaint. Appellant's final contention is that the judgment is contrary to the evidence. A careful examination of the testimony discloses no reversible error.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.